656 F.2d 230
 In re KNOX KREATIONS, INC., Bankrupt.
H. David CATE, Trustee, Plaintiff-Appellee, Cross-Appellant
(79-1509/10), Plaintiff-Appellant (80-1210),
v.
Hugh P. NICELY, Defendant-Appellant, Cross-Appellee
(79-1509/10), Defendant-Appellee (80-1210).
 Nos. 79-1509, 79-1510 and 80-1210.
 United States Court of Appeals,
Sixth Circuit.
 Argued July 8, 1981.
Decided Aug. 11, 1981.
 
 Charles A. Wagner III, Gentry & Wagner, Knoxville, Tenn., R. Thomas Stinnett, Stone & Hinds, Knoxville, Tenn., for defendant-appellant, cross-appellee.
 George Penn, Knoxville, Tenn., for plaintiff-appellee, cross-appellant.
 Before WEICK, LIVELY and JONES, Circuit Judges.
 PER CURIAM.
 
 
 1
 The trustee in bankruptcy for Knox Kreations, Inc. appeals from a judgment which set aside a bankruptcy court determination that certain transfers made by Knox to Hugh P. Nicely were fraudulent. Nicely appeals from that portion of the district court's judgment which held that two payments made from an escrow account to Nicely had to be set aside. The facts of the case are set out in the district court's opinion reported at 474 F.Supp. 567.
 
 
 2
 There is no merit to any of the contentions made by the trustee in bankruptcy. The district court was correct in holding that the September 11, 1975 security agreement was not fraudulent and should not have been set aside under Section 70(e) of the Bankruptcy Act, and its interpretation of the relevant Tennessee statutes is persuasive. The district court was also correct in holding that Nicely's claims should not be subordinated to Knox's other creditors. The court did not abuse its discretion in refusing to reopen the proof in this case.
 
 
 3
 Nicely contends that the district court erred in ordering the two payments made from the escrow fund returned to the trustee. We agree. Knox's obligation on the September 11, 1975 note was a "debt" as that term is defined by Section 67(d)(1)(b) of the Bankruptcy Act. Consequently, the payments made from the escrow fund were made in satisfaction of a debt and were made with fair consideration. The August 19, 1977 payment was not a voidable preference. Once funds were deposited in the escrow account (which occurred more than four months prior to the filing of the bankruptcy petition), a transfer occurred within the meaning of Section 60 of the Act.
 
 
 4
 AFFIRMED in part and REVERSED in part.